IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ROBERT BALES and <br> (2) DANIELLE BALES, <br><br> Plaintiffs, <br><br> v. <br><br> (1) STATE FARM FIRE AND <br> CASUALTY COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 22-cv-00851 <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S *DAUBERT* MOTION TO EXCLUDE R. SEAN WILEY AND BRIEF IN SUPPORT**

**COMES NOW** the Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), by and through its attorneys of record, John S. Gladd and J. Andrew Brown, of the law firm of Atkinson, Brittingham, Gladd, Fiasco & Edmonds, of Tulsa, Oklahoma, and respectfully requests this Court exclude the testimony and Rule 26 report of Plaintiffs Robert and Danielle Bales' expert witness, R. Sean Wiley as the report does not include rationales or explanations for data used rendering it unreliable and the data relied upon is speculative. In support thereof, Defendants would show the Court as follows:

**BRIEF IN SUPPORT**

**I.     STATEMENT OF MATERIAL FACTS**

1.     Plaintiffs' roof was allegedly damaged in a storm occurring on either December 5, 2021, or January 5, 2022. (Exhibit 1 - Deposition of Robert Bales, 24:21-25:2).

2. On June 17, 2023, the Tulsa metro area, including Plaintiffs' neighborhood, was struck by a severe thunderstorm causing widespread damage. (Exhibit 2 - Kirsten Lang, Tulsa World, 100 MPH Winds Advisory a First, National Weather Service Tulsa Says as Surveyors Review Damage (June 19, 2023), https://tulsaworld.com/news/local/weather/100-mph-winds-advisory-a-first-national-weather-service-tulsa-says-as-surveyors-review-damage/article_14c159c0-0ed5-11ee-a1f9-e7b2073b2a92.html]. The storm is referred to as the "Father's Day storm."

3. Due to the magnitude of the Father's Day storm and widespread damage due to "[s]evere storms, straight-line winds, tornadoes, and hail," Acting Governor of the State of Oklahoma declared a state of emergency for numerous counties, including Tulsa County, on June 20, 2023. Exec. Order No. 2023-18 (attached as Exhibit 3).

4. Subsequently, President Biden approved an Oklahoma Disaster Declaration arising from the Father's Day storm. (Exhibit 4 - President Joseph R. Biden, Jr. Approves Oklahoma Disaster Declaration, https://www.whitehouse.gov/briefing-room/presidential-actions/2023/07/19/president-joseph-r-biden-jr-approves-oklahoma-disaster-declaration-4/).

5. Plaintiffs did not repair their roof before the Father's Day storm. (Ex. 1, 35:18-23).

6. Mr. Bales testified the tarp covering the prior damage blew off and was replaced by a tarp approximately 200 percent bigger. (Ex. 1, 14:25-16:5). Mr. Bales could not offer testimony as to whether further damage was caused to the roof during the Father's Day storm.

7. On July 21, 2023, Mr. Bales testified he was not aware of any retained experts on his behalf other than his public adjuster and OCR (Plaintiffs' roofing company). (Ex. 1, 82:18-21).

8. Thereafter, Plaintiffs provided an expert report written by R. Sean Wiley and dated August 4, 2023.

9. Mr. Wiley states "I inspected the Bales Family's home on multiple occasions," but does not provide any dates of his inspections. (Exhibit 5 -Rule 26 Report – JW Construction Management & Construction Consulting, pgs. 5 and 8).

10. Mr. Wiley's Xactimate estimate does not provide an inspection date. (Exhibit 6 - JW Construction Management, Inc. Estimate).

11. Mr. Wiley's Report and Estimate are both dated August 4, 2023. (Exs. 5 and 6).

## II.     ARGUMENTS AND AUTHORITIES

### A.  *RULE 702 AND THE DAUBERT STANDARD*

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Before expert testimony can be admitted, Federal Rule of Evidence 702 requires the district court to ensure that any expert testimony or evidence to be admitted is not only relevant but also reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786 (1993). In any dispute over the admissibility of evidence is the threshold inquiry of whether the evidence is relevant. *Black v. M & W Gear Co.*, 269 F.3d 1220, 1227 (10th Cir. 2001)(citing *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999)). The threshold relevancy inquiry applies to expert opinions and testimony as "[i]t must be remembered that Fed.R.Evid. 702 includes a requirement that the testimony will 'assist the trier of fact to understand or to determine a fact in issue,' a requirement that 'goes primarily to relevance.'" *Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994)(quoting *Daubert*, 509 U.S. 579, 591). As noted above, an expert witness's proposed testimony must be relevant, which is measured by three non-exclusive factors: "(1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility." *U.S. v. Rodriguez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006). Under *Daubert,* the proposed expert testimony must be both relevant and reliable before it is admissible at trial.

The ultimate object of the court's gate-keeping role under Rule 702 is to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167 (1999). The flexible *Daubert* inquiry gives the district court the

discretion needed to ensure that the courtroom door remains closed to unreliable expert testimony while admitting reliable expert testimony that will assist the trier of fact. *Amorgianos v. National R. R. Passenger Corp.,* 303 F.3d 256, 267 (2nd Cir. 2002). The Tenth Circuit has recognized four, nonexclusive, factors for the trial court to consider when assessing reliability as outlined in *Daubert*:

> (1) whether the theory at issue can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether there is a known or potential rate of error and whether there are standards controlling the methodology's operation; and (4) whether the theory has been accepted in the relevant scientific community.

*Rodriguez-Felix*, 450 F.3d at 1123 (relying on *Daubert*, 509 U.S. at 593-94, 113 S.Ct. 2786).

The Supreme Court in *General Elec. Co. v. Joiner*, 522 U.S. 136, 118 S.Ct. 512 (1997) recognized that "conclusions and methodology are not entirely distinct from one another." 522 U.S. at 146, 118 S.Ct. 512. Therefore, "[a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Id.* (Under *Daubert* and its progeny, any step that renders the analysis unreliable renders the expert's testimony inadmissible. *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003).

The proponent of the disputed expert's testimony bears the burden of establishing the admissibility of such testimony. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, fn 4 (10th Cir. 2001). Trial courts have broad discretion in deciding whether to admit or exclude expert testimony. *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 647 (10th Cir. 1991).

### *B. MR. WILEY'S OPINIONS ARE SPECULATIVE AND MUST BE EXCLUDED*

Mr. Wiley appears to have been retained after the historic Father's Day storm struck the Tulsa metro area, including Plaintiffs' neighborhood. (Ex. 1, 82:18-21). The National Weather Service Tulsa office issued its very first warning for 100 mph winds in conjunction with the Father's Day storm. (Ex. 2). The damage from the storm was so severe and widespread that Acting Governor Greg Treat declared an emergency in Tulsa and surrounding counties. (Ex. 3). The emergency declaration specifically noted damage to public and private properties in the Tulsa metro area due to "[s]evere storms, straight-line winds, tornadoes, and hail." (Ex. 3). Despite this historic storm and Plaintiffs' own testimony that at the very least the prior tarp was blown off and the area needing to be tarped doubled in size, Mr. Wiley does not address the Father's Day storm or provide an explanation of how he links all of the alleged damage he reports to the 2021/2022 storms. (Ex. 1, 14:25-16:5 and 35:18-23; Ex. 5). Mr. Wiley's "multiple inspections" likely occurred after the Father's Day storm as Mr. Bales testified he did not know of any expert retained on his behalf, besides his public adjuster and his roofing company. (Ex. 1, 82:18-21).

Mr. Wiley's opinions and estimate lack reliability because of the significant "analytical gap between the data and the opinion proffered." *General Elec. Co.*, 522 U.S. at 146. Rule 702 authorizes the district court "to determine reliability in light of the particular facts and circumstances of the particular case." *Kumho*, 526 U.S. at 158. The *Daubert* reliability test requires the expert's testimony to be "based on actual knowledge, not 'subjective belief or unsupported speculation.'" *Dodge*, 328 F.3d at 1222. Mr. Wiley

can only speculate that the damage he identified after one of the single most historic storms to impact Plaintiffs' neighborhood is indeed linked to a storm that occurred in late 2021 or early 2022. Rule 702 does not permit the inclusion of such unsupported speculation as expert testimony. Therefore, Mr. Wiley's opinions and estimates must be excluded from trial as too speculative under *Daubert* and its progeny.

### III.    CONCLUSION

Mr. Wiley's testimony should be excluded because it relies on speculation and makes large analytical leaps to support Plaintiffs' desired opinions.

**WHEREFORE**, Defendant State Farm Fire and Casualty Company, respectfully requests this Court exclude, in whole or in part, the testimony, Rule 26 Report, and estimates of Plaintiffs' expert witness R. Sean Wiley.

Respectfully submitted,

**ATKINSON, BRITTINGHAM,
GLADD, FIASCO & EDMONDS**
A PROFESSIONAL CORPORATION

  /s/ J. Andrew Brown
J. Andrew Brown, OBA #22054
John S. Gladd, OBA #12307
1500 ParkCentre
525 South Main Street
Tulsa, OK 74103-4524
Telephone:  (918) 582-8877
Facsimile:   (918) 585-8096
Email:  jgladd@abg-oklaw.com
Email:  dbrown@abg-oklaw.com
*Attorneys for Defendant SFF&CC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th of September, 2023, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Adam Engel
Jordyn Cartmell
Mansel Engel & Cole
204 North Robinson Ave., 21st Floor
Oklahoma City, OK  73102

               /s/ J. Andrew Brown
                J. Andrew Brown

R:\416\429\Daubert- WIley.docx