IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT BALES, *et al.*,  )
                        )
    Plaintiffs,      )
                        )
                        )
v.                      )   Case No. CIV-22-851-D
                        )
STATE FARM FIRE AND     )
CASUALTY COMPANY,       )
                        )
    Defendant.       )

**O R D E R**

Before the Court is Defendant's Motion to Strike Plaintiffs' Motion in Limine No. 1 [Doc. No. 61]. Plaintiffs have responded in opposition to the Motion, which is fully briefed. *See* Pls.' Resp. [Doc. No. 74]; Def's Reply [Doc. No. 75]. Upon consideration, the Court finds that Defendant's Motion should be granted for the following reasons.

This diversity case involves claims for breach of an insurance contract and insurer's bad faith. Because Defendant's Motion for Summary Judgment remains pending, the case is not currently set for trial. However, the parties elected to proceed with trial-related submissions under the Scheduling Order [Doc. No. 23]. In so doing, Plaintiffs have filed a motion in limine [Doc. No. 48] that seeks to prevent Defendant from presenting seven categories of information.[1] The first category, denominated Plaintiffs' Motion in Limine

---

[1] Plaintiffs' Motion in Limine does not comply with LCvR7.1 in that the document combines a motion and brief without identifying it as such (LCvR7.1(*l*)) and the brief exceeds the page limit of LCvR7.1(e) and lacks required tables of contents and authorities. Because Defendant does not object on these grounds, the Court exercises its discretion to excuse the violations, but

No. 1 (pages 2-13), asks the Court to prevent Defendant "from confusing the jury with improper interpretation of coverage within the contract (insurance policy)" and from "misrepresenting coverage during trial." *See* Pls.' Mot. Limine at 2. Under the guise of streamlining trial presentations, Plaintiffs seek a ruling regarding the proper interpretation of the insurance policy, arguing that because "policy interpretation is a question of law, it is for the Court to determine what is and is not covered under the policy." *Id.* Specifically, Plaintiffs ask the Court to decide "a sole coverage issue: Does State Farm owe for hail damage?" *Id*. at 3.

Defendant asserts by its Motion to Strike that this part of Plaintiffs' motion in limine "is an untimely and improper motion for summary judgment" and "is, on its face, an apparent attempt to file a dispositive motion well after the deadline to do so." *See* Def.'s Mot. Strike at 1, 4 (footnote omitted). Defendant contends that Plaintiffs are conflating a trial-practice device that allows a party to obtain a pretrial ruling on a discrete evidentiary issue or on the admissibility of specific evidence, with a dispositive motion that would determine the merits of a claim or issue under Fed. R. Civ. P. 56. Plaintiffs make no persuasive response to this contention but, instead, present additional merits-based arguments. *See* Pls.' Resp. Br. at 5-8.

The Court agrees with Defendant that Plaintiffs' failure to move for summary judgment on the contract interpretation and coverage issues raised in their current motion

---

Plaintiffs' counsel is cautioned that future noncompliant filings may be stricken without further notice.

cannot be cured by filing a motion in limine.  "A motion *in limine* is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy."  *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (quoting *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), a*ff'd*, 469 U.S. 38 (1984)).  A motion in limine is not a proper vehicle to obtain a dispositive ruling.  *See New Mexico ex rel. Balderas v. Real Est. L. Ctr., P.C.*, 409 F. Supp. 3d 1122, 1157-58 (D. N.M. 2019) (citing cases); *Donahue v. Apache Corp.*, Case No. CIV-21-710-D, 2023 WL 8580102, *4 (W.D. Okla. Dec. 11, 2023) (quoting *Baker Hughes Oilfield Operations, Inc. v. Pump Systems Mgmt., Inc.*, CIV-16-1035-SLP, 2018 WL 8963557, *1 (W.D. Okla. Mar. 5, 2018)) ("A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed.").

Plaintiffs' Motion in Limine No. 1 seeks a determination that their interpretation of the insurance policy regarding hail damage to their roof is correct, and that Defendant's coverage position is wrong.  Plaintiffs base this motion on some of the same "undisputed" facts and arguments on which they oppose Defendant's Motion for Summary Judgment.  *See* Pls.' Am. Resp. Def.'s Mot. Summ. J. [Doc. No. 50] at 11-15, 17-25.  If Plaintiffs believed that these merits issues could be determined as a matter of law, they should have filed a timely motion under Rule 56.  The Court finds that Plaintiffs' Motion in Limine No. 1 improperly seeks a pretrial determination of substantive issues on which Plaintiffs' claims are based.  To this extent, Plaintiffs' pretrial motion is improper and should not be considered.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Plaintiffs' Motion in Limine No. 1 [Doc. No. 61] is **GRANTED**. Plaintiffs' Motion in Limine No. 1 [Doc. No. 48, pp. 2-13] is **STRICKEN** and will not be considered.

**IT IS SO ORDERED** this 3rd day of January, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge