IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT BALES, *et al.*,        )<br>                                                 )<br>            Plaintiffs,              )<br>                                                 )<br>                                                 )<br>v.                                             )   Case No. CIV-22-851-D<br>                                                 )<br>STATE FARM FIRE AND        )<br>CASUALTY COMPANY,         )<br>                                                 )<br>            Defendant.              ) | |

**O R D E R**

Before the Court is Defendant's *Daubert* Motion to Exclude R. Sean Wiley [Doc. No. 34] under Fed. R. Evid. 702. The Motion is fully briefed and at issue. *See* Pls.' Resp. Br. [Doc. No. 35]; Def.'s Reply Br. [Doc. No. 38].

**Factual and Procedural Background**

This diversity case involves claims for breach of an insurance contract and insurer's bad faith regarding storm damage to the roof of Plaintiffs' home. Defendant has filed a motion for summary judgment, which remains pending but draws into question the testimony of Plaintiffs' experts. Plaintiff has designated R. Sean Wiley as a construction and insurance industry expert to testify regarding his assessment of hail and wind damage to Plaintiffs' roof and the estimated replacement cost. His analysis and conclusions are stated in a written report [Doc. No. 34-5] that was timely disclosed during discovery. Defendant seeks an order barring Plaintiff from calling Mr. Wiley as an expert witness on the grounds that his opinions are unreliable and inadmissible under Rule 702.

**Standard of Decision**

Rule 702 codifies the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), regarding the admissibility of expert opinion testimony and defines the trial court's gatekeeping role. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. In considering whether an expert's opinion is admissible, the Court performs a two-step analysis. First, the Court must "determine whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion." *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (internal quotation omitted). "Second, if the expert is sufficiently qualified, the court must determine whether the expert's opinion is reliable" under the principles set forth in *Daubert*, and relevant in that the opinion will assist the trier of fact. *See id.*; *see also Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013).

**Discussion**

To perform its gatekeeping role, the Court must first determine whether Mr. Wiley is qualified by knowledge, skill, experience, or training to render the opinions to be offered.

2

Defendant does not challenge Mr. Wiley's qualifications to provide the opinions stated in his report. Further, the industry experience and training described in Mr. Wiley's report, and the curriculum vitae provided with Plaintiffs' response [Doc. No. 35-2], adequately establish Mr. Wiley's relevant expertise. Thus, the Court finds that Mr. Wiley is qualified to provide expert opinions in the areas of his proposed testimony.

As to reliability and relevance, Defendant challenges Mr. Wiley's expert opinions as speculative solely because Defendant believes Mr. Wiley was first retained after an "historic Father's Day storm struck . . . Plaintiffs' neighborhood" in June 2023. *See* Def.'s Mot. at 6. Based on this belief, Defendant assumes "Mr. Wiley's 'multiple inspections' likely occurred after the Father's Day storm," and Defendant faults Mr. Wiley for failing to address that storm "or provide an explanation of how he links all of the alleged damage he reports to the 2021/2022 storms" underlying Plaintiffs' insurance claim. *Id*.

Plaintiffs' response to this argument is simple. They state that "Mr. Wiley first inspected the Bales' home on June 3, 2022, more than a year before the Father's Day storm" and provide a one-page affidavit from Mr. Wiley so stating. *See* Pls.' Resp. Br. at 1; Wiley Aff. [Doc. No. 35-1], ¶ 1. Mr. Wiley also states that his report "discusses damage that was present during my June 3, 2022 inspection." *See* Wiley Aff. ¶ 4.

Upon consideration of the issue raised by Defendant's Motion, the Court finds that Defendant's criticism of Mr. Wiley's opinions is unfounded. Defendant made an incorrect factual assumption concerning the timing of Mr. Wiley's first inspection. With that mistake corrected, Defendant has no substantial basis to challenge the reliability of Mr. Wiley's opinions regarding the storm damage and the cost of necessary repairs.

3

Defendant attempts to avoid this conclusion by attacking Mr. Wiley's affidavit as an untimely supplemental report. Defendant argues at length that Rule 26(a) required Mr. Wiley to provide a complete statement of his opinions and their basis in his original report and that his affidavit is a supplemental disclosure that should be disregarded. *See* Reply Br. at 2-4. The Court is not persuaded.

Mr. Wiley's affidavit serves only to correct Defendant's factual error. Apparently, Defendant elected not to depose Mr. Wiley but assumed facts regarding his work based on certain deposition testimony of Mr. Bales. *See* Def.'s Mot. at 6. But for Defendant's error, Mr. Wiley's affidavit would have been unnecessary. The affidavit consists of four simple sentences identifying the dates of Mr. Wiley's inspections and stating that he personally observed the damage discussed in his report. Except the first date, which became material solely because of Defendant's Motion, Mr. Wiley's original report contained the same information. Plaintiffs' new "disclosure" was not made because they "learn[ed] that in some material respect [Mr. Wiley's report] is incomplete or incorrect." *See* Fed. R. Civ. P. 26(e). Thus, the Court does not find an untimely supplementation under Rule 26(e). In any event, the Court would not grant Defendant's Motion on an incorrect factual premise.

## Conclusion

For these reasons, the Court finds that Mr. Wiley should be permitted to testify at trial regarding the expert opinions expressed in his report.

**IT IS THEREFORE ORDERED** that Defendant's *Daubert* Motion to Exclude R. Sean Wiley [Doc. No. 34] is **DENIED**.

**IT IS SO ORDERED** this 16th day of August, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

5