IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT BALES, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| v. ) | Case No. CIV-22-851-D |
| ) | |
| STATE FARM FIRE AND ) | |
| CASUALTY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Currently pending before the Court are Plaintiffs' Motions in Limine [Doc. No. 48] and Defendant's Motions in Limine [Doc. No. 41]. The Motions are fully briefed.[1] However, for the following reasons, the Court declines to consider the Motions and orders them stricken without prejudice to resubmission.

The parties filed their Motions before Defendant's Motion for Summary Judgment was fully briefed and without a trial setting. Although the filings were made in compliance with the Order Extending Deadlines [Doc. No. 23], provisions of the original Scheduling Order that remain in effect expressly permitted the parties to delay trial-related filings upon request. *See* Sched. Order [Doc. No. 11] at 2. In the Court's experience, filings made before counsel have engaged in sufficient trial preparation to identify concrete issues often

---

[1] Although Plaintiffs' Motion does not comply with LCvR7.1(e), the Court has previously decided to excuse the noncompliance. *See* 1/3/24 Order [Doc. No. 76] at 1-2, n.1. However, "future noncompliant filings may be stricken without further notice." *Id*.

lack focus and are unhelpful. That is certainly true here. In the Motions, counsel speculate about their opponent's possible arguments and strategies and, for the most part, raise a litany of issues that may or may not materialize.[2]

Neither of the instant Motions is a true a motion in limine, which is "a request for guidance by the court regarding an evidentiary question." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (quoting *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), a*ff'd*, 469 U.S. 38 (1984)). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1218 (D. Kan. 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). In this case, the parties do not seek a resolution of specific evidentiary problems that are likely to arise in the trial of this case.

For example, Plaintiffs seek to prevent Defendant from presenting argument and evidence regarding seven broad categories, some of which go to the merits of particular claims and defenses. The Court has previously determined that a part of Plaintiffs' Motion, denominated Motion in Limine No. 1 (pages 2-13), was actually an untimely and improper motion for summary judgment and ordered it stricken. *See* 1/3/24 Order [Doc. No. 76]. Plaintiffs' other arguments also address merits-based propositions rather than evidentiary rules. Not a single citation to the Federal Rules of Evidence is made.

---

[2] The parties similarly filed a Final Pretrial Report that showed a lack of sufficient trial preparation and was rejected. *See* 11/15/23 Order [Doc. No. 55].

On the other hand, Defendant's Motion employs a shotgun approach that lists thirteen broad categories of information or argument that allegedly should be excluded as irrelevant or otherwise improper, including any reference to "Defendant['s] filing this Motion in Limine." *See* Def.'s Mot. at 15. To most of Defendant's propositions, Plaintiffs respond that they have no intention of introducing these subjects and the Motion is moot. At least one proposition concerns a discovery issue, that is, the adequacy of Plaintiffs' expert disclosure. *Id*. at 16-17. But Defendant does not mention any attempt to resolve this issue before filing a motion, as required by LCvR37.1.[3]

The frequency with which the Court receives scattershot motions in limine, which waste time and judicial resources, has led the Court to add the following provision to its standard scheduling order:

> Motions in limine shall be consolidated into a single filing, that is subject to the page limitation in LCvR7.1(e). The motion must include a certificate of conference reciting the efforts made to confer with opposing counsel regarding motions in limine. Parties are expected to include only disputed issues in their motions in limine.

Although that provision was not included in this case, it will be imposed now.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motions in Limine [Doc. No. 48] and Defendant's Motions in Limine [Doc. No. 41] are **STRICKEN** and will not be considered. The parties may refile motions in limine, as appropriate, in accordance with

---

[3] Defendant moves to exclude the testimony of a witness based on an alleged insufficient pretrial disclosure, which is governed by Fed. R. Civ. P. 37(c)(1).

the directions of this Order within 30 days after the Court rules on Defendant's Motion for Summary Judgment [Doc. No. 33].

**IT IS SO ORDERED** this 16th day of August, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

4