IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT BALES, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-22-851-D |
| | ) |
| STATE FARM FIRE AND | ) |
| CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment [Doc. No. 33] under Fed. R. Civ. P. 56. Defendant seeks a judgment in its favor on all claims or, alternatively, a determination that Plaintiffs cannot recover punitive damages. Plaintiffs Robert and Danielle Bales have responded [Doc. No. 50], and Defendant has replied [Doc. No. 56].[1] The Motion is fully briefed and ripe for decision.

**Factual and Procedural Background**

This diversity case involves claims for breach of contract and breach of the insurer's duty of good faith regarding insurance coverage for storm damage to Plaintiffs' home. Plaintiffs allege a severe storm caused hail and wind damage to their roof that required replacement, but Defendant refused to cover the full loss and failed to pay the amount due

---

[1] Plaintiffs' original response brief [Doc. No. 36] and Defendant's reply brief [Doc. No. 37] were stricken for noncompliance with the Local Civil Rules. *See* 10/25/23 Order [Doc. No. 39]; 10/27/23 Order [Doc. No. 40]. The operative filings are the parties' amended briefs.

under the policy. They also allege Defendant acted in bad faith during the investigation and adjustment of the claim. Defendant seeks summary judgment based on Plaintiffs' alleged inability to show: 1) a breach of the insurance policy; 2) bad faith conduct; and 3) circumstances warranting an award of punitive damages.

## Standard of Decision

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id*. at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmovant. *Id*. If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, all other factual issues concerning the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Id*. at 322-23. If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see* Fed. R. Civ. P. 56(c)(1)(A). The Court's inquiry is whether the facts and

evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## Statement of Undisputed Facts[2]

Plaintiffs purchased a homeowner's insurance policy from Defendant to cover their residence in Tulsa, Oklahoma, which they bought in 2020. The policy provided coverage for accidental direct physical loss to the property; it excluded losses caused by enumerated perils, including wear, tear, and deterioration. The insurance remained in effect on January 13, 2022, when Plaintiffs submitted a claim for wind and hail damage to the roof of their house. Plaintiffs learned of the damage when they saw shingles had blown off in a storm, and an inspection by a roofing company, Outdoor Creations Roofing & Solar, found hail damage.

After receiving the claim, Defendant scheduled a roof inspection by a contractor, Seek Now,[3] that occurred on January 18, 2022. The inspector reported only finding damage to a few shingles, vent caps, turtle vents, and gutters, for which the cost of repair

---

[2] This statement includes material facts that are supported by the record and not opposed in the manner required by Rule 56(c)(1) and LCvR56.1(d). All facts properly presented by a party and not specifically controverted by an opponent are deemed admitted, pursuant to Rule 56(e)(2) and LCvR56.1(e). New materials submitted by Defendant with its reply are disregarded. *See Lowther v. Child. Youth & Fam. Dep't*, 101 F.4th 742, 759 (10th Cir. 2024) ("Our case law forbids the district court from relying on new arguments or materials to decide a summary judgment motion unless the opposing party is provided an opportunity to respond.").

[3] Defendant identifies the company as "Ladder Now" based on a note in the claim file. Plaintiffs refer to it as "ladder assist company Seek Now." *See* Resp. Br. at 9. "Seek Now" is the name that appears on the inspection report. *See* Resp. Br., Ex. 1 [Doc. No. 50-1]. Thus, the Court refers to the company by this name.

did not exceed the policy deductible of $4,454. The inspector found other damage allegedly resulting from normal wear and tear.

Plaintiffs engaged a public adjuster, Ally Public Adjusting ("Ally"), that sent a letter to Defendant on February 3, 2022, with photos that allegedly showed hail damage to the roof on all slopes. Ally also reported that the type of shingles on Plaintiffs' roof were non-repairable and no longer available for purchase. Defendant responded by contacting Ally and scheduling a second inspection for February 18, 2022. The inspection was conducted by Defendant with a representative of Ally present, and they discussed whether markings on the roof showed areas of hail damage. The two sides primarily disagreed about what degree of injury to the composition shingles was needed to show covered hail damage, as distinguished from wear and tear. The dispute continues in this litigation: Defendant's position is that covered hail damage requires fracturing or bruising of the underlying mat; Plaintiffs contend hail strikes that cause granular loss (referring to ceramic granules that coat the shingles and provide an outer layer of protection) is covered hail damage.

Based on the second inspection and additional photos, Defendant determined that the shingles in question were damaged by wear and tear rather than hail and that there was additional damage to guttering but the loss was still below the deductible. By letter dated February 21, 2022, Defendant informed Ally of its assessment that the areas of the roof marked for consideration were not hail damage and, except for the added gutter damage, Defendant's original assessment was unchanged.

On March 21, 2022, Ally sent a response letter stating the reasons why it disagreed with Defendant's evaluation of the damage to Plaintiffs' roof. Included in these reasons,

Ally had reviewed photos taken during the first inspection by Seek Now, which Defendant had provided, and they showed that the inspector had made chalk markings on roof shingles indicating areas with more than ten hail strikes per test square on at least two elevations. Ally stated that the photos contradicted the adjuster's finding that there was no hail damage to the shingles. In the litigation, the parties dispute who made the chalk markings that appear in the photos and what the markings were intended to reflect, whether the number of hail strikes or the size of the test square.

Ally followed the March 21 letter with a request for a third inspection. Defendant denied this request for the reason that Ally had not presented additional facts or evidence of damage that would justify a reinspection. A representative of Ally called to dispute this determination but was told that Defendant's decision remained the same. This lawsuit was filed in state court on September 1, 2022, and timely removed to federal court based on jurisdiction under 28 U.S.C. § 1332.

## Discussion

**A.    Breach of Contract**

To recover for breach of contract, Plaintiffs must prove: "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." *See Digital Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001) *accord Cates v. Integris Health, Inc.*, 412 P.3d 98, 103 (Okla.), *cert. denied*, 138 S. Ct. 2659 (2018). Here, there is no question Plaintiffs' insurance policy covered storm damage to their home. Defendant asserts that the undisputed facts show it properly adjusted Plaintiffs' loss claim and that Plaintiffs cannot show a breach of the policy terms.

5

Upon consideration of the summary judgment record in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have demonstrated a genuine dispute of material facts regarding the valuation of their claim. Defendant asserts that none of the inspections of storm damage to the roof of Plaintiffs' home in 2022 showed hail damage serious enough to warrant replacement of the roof rather than a few spot repairs. This is a contested issue, and is intertwined with the parties' competing views on what constitutes damage to the roof shingles. Therefore, the Court cannot determine as a matter of law whether Defendant correctly adjusted the loss.

**B.     Insurer's Bad Faith**

To establish a breach of Defendant's duty of good faith and fair dealing with its insured, Plaintiffs must show that Defendant breached the insurance contract and, in so doing, acted in a manner constituting bad faith. *See Ball v. Wilshire Ins. Co.*, 221 P.3d 717, 724 (2009); *see also Brown v. Patel*, 157 P.3d 117, 121 (Okla. 2007); *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005) (per curiam). In this case, there is no dispute that Plaintiffs' home sustained a loss during storms in December 2021 or January 2022 (or both) that was covered by their homeowners' policy, but as discussed above, there is a dispute regarding the extent of the damage caused by the storms and whether a roof replacement was needed. Defendant asserts that Plaintiffs cannot prevail on their bad faith claim because there was a legitimate coverage dispute regarding the roof damage and that it acted reasonably in investigating and assessing the claim.

Under Oklahoma law, "an insurer's right to resist payment or resort to a judicial forum to resolve a legitimate dispute" is well established. *Gov't Emp. Ins. Co. v. Quine*,

6

264 P.3d 1245, 1249 (Okla. 2011); *see Ball*, 221 P.3d at 725; *Brown*, 157 P.3d at 126-27; *Skinner v. John Deere Ins. Co.*, 998 P.2d 1219, 1223 (Okla. 2000). "However, when presented with a claim by its insured, an insurer must conduct an investigation reasonably appropriate under the circumstances and the claim must be paid promptly unless the insurer has a reasonable belief that the claim is legally or factually insufficient." *Newport v. USAA*, 11 P.3d 190, 195 (Okla. 2000) (internal quotation omitted); *see Bannister v. State Farm Mut. Auto. Ins. Co.*, 692 F.3d 1117, 1127-28 (10th Cir. 2012); *Buzzard v. Farmers Ins. Co.*, 824 P.2d 1105, 1109 (Okla. 1991). Under this standard, an insurer does not act in bad faith when it engages in conduct that is merely negligent. *Badillo,* 121 P.3d at 1094. But "[i]f there is conflicting evidence from which different inferences may be drawn regarding the reasonableness of [an] insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the circumstances in each case." *Newport*, 11 P.3d at 195 (quoting *McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981)); *accord Badillo*, 121 P.3d at 1093.

Upon careful consideration of the summary judgment record, the Court finds that Plaintiffs have demonstrated a genuine dispute of material facts that precludes summary judgment on the issue of whether Defendant acted in bad faith. Viewing the facts in the light most favorable to Plaintiffs as required by Rule 56, there is minimally sufficient evidence from which reasonable jurors could conclude that Defendant made an inadequate determination that Plaintiffs' covered loss required only the replacement of five shingles, when a fair assessment showed far greater hail damage to the roof. Plaintiffs have put forward sufficient facts to undermine Defendant's argument that it "had a good faith belief

in some justifiable reason" for excluding the storm damage as wear and tear. *Badillo*, 121 P.3d at 1094. Accepting Plaintiffs' view of the evidence, this case presents more than a disagreement about the cause or extent of the damage and may permit a reasonable finding that Defendant did not fairly investigate and evaluate Plaintiffs' storm loss.

Because material facts are disputed and the reasonableness of Defendant's conduct is subject to different inferences, summary judgment on Plaintiffs' bad faith claim is not appropriate.

**C.   Punitive Damages**

Defendant also seeks summary adjudication of Plaintiffs' claim for punitive damages. To recover punitive damages under Oklahoma law, "there must be evidence, at a minimum, of reckless disregard toward another's rights from which malice and evil intent may be inferred." *Badillo*, 121 P.3d at 1106 (emphasis omitted). The basis for Plaintiffs' punitive damages request is their assertion that Defendant knowingly and intentionally refused to pay for a roof replacement even though it knew a replacement was needed. Viewing the record in the light most favorable to Plaintiffs, the Court finds that the genuine dispute of material facts related to their bad faith claim also precludes summary judgment on the issue of punitive damages. Plaintiffs have presented evidence that is minimally sufficient to support an inference of reckless disregard by Defendant.

## Conclusion

For these reasons, the Court finds that Plaintiffs have demonstrated genuine disputes of material facts and Defendant is not entitled to summary judgment on any claim or issue raised by its Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment [Doc. No. 33] is **DENIED**.

**IT IS SO ORDERED** this 18th day of September, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge