# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) ROBERT BALES and | ) | |
| (2) DANIELLE BALES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-851-D |
| | ) | |
| (1) STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Plaintiff's Revised Motions in Limine [Doc. No. 83] and Defendant State Farm Fire and Casualty Company's Revised Motions in Limine and Brief in Support [Doc. No. 80].

## BACKGROUND

The facts of the present case are more fully set out in the Court's Order denying Defendant's motion for summary judgment [Doc. No. 79]. The Court will not restate them at length here. In summary, this is a diversity case in which Plaintiffs allege a severe storm caused hail and wind damage to their roof that required replacement, but Defendant refused to cover the full loss and failed to pay the amount due under the policy. Plaintiffs also allege Defendant acted in bad faith during the investigation and adjustment of the claim.

## LEGAL STANDARD

Although motions in limine are not formally recognized under the Federal Rules, district courts have long recognized the potential utility of pretrial rulings under the courts'

inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. Apr. 10, 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

Although such pretrial rulings can save time and avoid interruptions, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is 'inadmissible on all potential grounds' … and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Id.* (citations omitted); *see also Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. Aug. 25, 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

Motions in limine that "lack specificity as to particular evidence are properly denied." *Shotts v. GEICO General Ins. Co.*, CIV-16-1266-SLP, 2018 WL 4832625, at *1 (W.D. Okla. July 12, 2018) (citing *Kinzey v. Diversified Servs., Inc.*, No. 15-1369-JTM, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017)). "Without a detailed presentation of the facts which give rise to the issue sought to be addressed by the motion in limine, a motion in limine amounts to little more than a request that the court faithfully apply the rules of evidence." *Hussein v.*

*Duncan Regional Hospital, Inc.*, CIV-07-439-F, 2009 WL 10672480, at *1 (W.D. Okla. Oct. 20, 2009).

## DISCUSSION

### Plaintiffs' Motions in Limine

Plaintiffs ask the Court to prevent Defendant from taking the following actions:

I. *Asserting New Reasons for Denying Plaintiffs' Claim*

II. *Arguing Comparative Bad Faith or Contributory Fault*

III. *Making Any Mention or Use of Text Messages Related to a Separate Claim Exchanged Between Plaintiffs' Public Adjuster and a Roofer*

IV. *Making Reference to Plaintiffs' Still Being Insured with State Farm*

V. *Suggesting Plaintiffs have an affirmative Duty to Read Their Insurance Policy*

The court addresses each request individually.

I. *Plaintiffs' Request to Prevent Defendant from Asserting New Reasons for Denying Plaintiffs' Claim*

Plaintiffs ask the Court to prevent Defendant from (A) presenting new reasons for denying Plaintiffs' claim that were not asserted when the claim was at issue, or (B) using new information that Defendant did not have when the claim was adjusted. Specifically, Plaintiffs seek to foreclose arguments that Plaintiffs failed to cooperate in the investigation, engaged in fraud/misrepresentation, or that they could not have suffered significant damages as Plaintiffs did not replace their roof out of their own funds after the claim was denied.

In support of their position, Plaintiffs cite *Buzzard v Farmers Ins. Co., Inc.*, 1991 OK 127, ¶ 14. There, the Oklahoma Supreme Court held that the decisive question in a bad

faith action "is whether the insurer had a 'good faith belief, *at the time its performance was requested,* that it had justifiable reason for withholding payment under the policy.'" *Id.* (emphasis original) (quoting *Buzzard v. McDaniel*, 1987 OK 28, ¶ 10); *see also Truesdell v. State Farm Fire & Cas. Co.*, 960 F. Supp. 1511, 1519 (N.D. Okla. 1997) ("[T]he bad faith claims against State Farm will be litigated based solely on the reasonableness of State Farm's actions prior to [the determination notice]."). Plaintiffs argue the Court should therefore prevent Defendant from asserting new post hoc rationales.

Defendant argues that Plaintiffs' motion should be denied for two reasons. The first is because the *Buzzard* relevance limitation does not apply to additional evidence not considered at the time of the coverage denial but that may be relevant to prove the reasonableness of the ultimate denial decision or the good faith character of the investigation.[1]

Here, Defendant misconstrues Plaintiffs' position. As noted above, Plaintiffs are seeking to exclude any mention of previously unarticulated *reasons* for denying their insurance claim. Plaintiffs are not, however, asking the Court to limit post-decision materials or documentation proving Defendant's previously-stated rationale.[2]

---

[1] Defendant cites, among other cases, *McCarty v. First Ga. Ins. Co.*, 713 F.2d 609, 612 (10th Cir. 1983) ("When the Oklahoma Supreme Court held that claimants must make a 'clear showing that the insurer unreasonably, and in bad faith, withholds payment' it was simply emphasizing the obvious: if the insured were not entitled to payment, a cause of action for wrongful denial of the claim could not arise.").

[2] The Tenth Circuit has provided helpful guidance on the *Buzzard* limitation. In *Thomas v. Farmers Ins. Co., Inc.*, 774 F. App'x 430, 432 (10th Cir. 2019), the Circuit Court stated,

*Buzzard* holds that under Oklahoma law an insurance bad faith claim is

Defendant next argues that the Oklahoma Court of Civil Appeal has discredited Plaintiffs' interpretation of *Buzzard* in a recent unpublished opinion. Defendant contends that *Strong v. CSAA Fire & Cas. Ins. Co.*, [*see* Doc. No. 87-2] allows for the inclusion of certain post-denial evidence.

In a recent case, *Loporchio v. State Farm Mut. Auto. Ins. Co.*, No. CIV-22-334-JFH-GLJ, 2024 WL 5266692 (E.D. Okla. Nov. 26, 2024), Magistrate Judge Jackson found that, rather than discrediting the *Buzzard* limitation, *Strong* allowed an insurer to identify "additional provisions in the insurance contract" that supported the reasons identified in the initial denial. *Id.* at *2. The question of whether an insurer can present new evidence based on a post-hoc rationale was, however, simply "not present." *Id.*

The Court agrees with Judge Jackson's reading of *Strong* and therefore finds *Strong* irrelevant to the point at issue. *See Strong v. CSAA Fire & Cas. Ins. Co.*, pp. 11-13 (unpublished) [*see* Doc. No. 87-2]. Moreover, in *Loporchio*, after noting State Farm's identical arguments, Magistrate Judge Jackson stated,

> Defendant [ ] does not identify what, if any, additional information should be admissible that was not available to or known by it at the time of its denial of Plaintiff's claim. Plaintiff also fails to describe any specific after acquired information it seeks to exclude.

---

> premised on the actual reason the insurance company gave when it denied the claim, not a post-denial rationalization. Therefore, evidence that supports a post-denial rationalization, rather than the evidence that the insurance company actually relied on when initially denying a claim, is inadmissible under *Buzzard*.

*Id.* So too here, evidence of any post-denial rationalization, should it arise at trial, would be inadmissible.

*Loporchio*, No. CIV-22-334-JFH-GLJ, 2024 WL 5266692, at *3. Because, regarding a motion in limine, evidence must be specific and inadmissible on all potential grounds, the Court adopts the same position as Magistrate Judge Jackson and **RESERVES** its ruling on this issue until trial.[3]

II.     *Plaintiffs' Request to Prevent Defendant from Arguing Comparative Bad Faith or Contributory Fault*

Plaintiffs seek to foreclose any effort by Defendant to argue comparative bad faith or contributory fault. Defendant does not object. Plaintiffs' motion in limine as to comparative bad faith and contributory fault is, therefore, **GRANTED**.

III.    *Plaintiffs' Request to Prevent Defendant from Making Any Mention or Use of Text Messages Related to a Separate Claim Exchanged Between Plaintff's Public Adjuster and a Roofer*

Plaintiffs' Public Adjuster, Meleah Meadows, texted a roofer about a separate claim. In that text, Ms. Meadows said something to the effect of harboring a desire to "rape" State Farm "without lube."

Citing Fed. R. Evid. 403, Plaintiffs seek to prevent Defendant from using Ms. Meadows' text exchange to challenge her credibility.

As stated above, this Court typically defers rulings on relevance and unfair prejudice objections until trial when the factual context is developed. *See Wilkins*, 487 F. Supp. 2d at 1218. Despite the visceral character of Ms. Meadows' out-of-court statement, the Court does not depart from that practice here. As such, the Court **RESERVES** its ruling on this issue

---

[3] The Court cautions counsel to approach the bench before presenting any evidence challenged by the parties' motions in limine so the Court can consider its ruling outside the hearing of the jury.

until trial.

IV.     *Plaintiffs' Request to Prevent Defendant from Making Reference to Plaintiffs' Still Being Insured with State Farm*

Citing Fed. R. Evid. 401 and 402, Plaintiffs argue any reference to their maintaining State Farm insurance after the denial of their claim has no probative value as to what State Farm knew at the time of said denial. State Farm objects, arguing the evidence may be useful to show bias or lack of credibility.

Plaintiffs' request implicates the reasoning already stated in sections I and III. Plaintiffs' motion in limine as to this issue is therefore **RESERVED** until trial for the reasons already stated.

V.     *Plaintiffs' Request to Prevent Defendant from Suggesting Plaintiffs have an affirmative Duty to Read Their Insurance Policy*

Plaintiffs ask the Court to prevent Defendant from arguing that Plaintiffs failed to abide by the terms of the contract because they did not read it. The parties' briefs dispute whether insureds are legally required to read an insurance contract. Defendant further characterizes Plaintiffs' request as an attempt to improperly use a motion in limine to obtain a legal ruling on a coverage dispute.

It is, of course, possible that testimony during trial could properly allow for questions regarding whether Plaintiffs read certain portions of their policy. On the other hand, it is also possible that the extent of such questioning might run afoul of Fed. R. Evid. 403 or other applicable rules. The Court, therefore, **RESERVES** decision on this issue until the appropriate time during trial.

## Defendant's Motions in Limine

Defendant asks the Court to grant the following requests:

I.    *Prevent Plaintiffs from Introducing Evidence, Testimony, or Reference to Stress and/or Emotional Distress related to or Caused by this Litigation*

II.   *Prevent Plaintiff from Introducing Expert Opinion Testimony Not Submitted According to Fed. R. Civ. P. 26(A)(2)*

Concerning the first request, Defendant seeks to exclude any evidence that litigating this case has caused Plaintiffs annoyance, inconvenience, fear, and anxiety. In their response, Plaintiffs argue they do not plan to present evidence of litigation-related distress, but rather that living under a damaged roof has continued to distress Plaintiffs over the course of the litigation.

Evidence of litigation-induced stress is regularly excluded. *See, e.g., Zimmerman v. Direct Fed. Credit Union*, 262 F.3d 70, 79 (1st Cir. 2001) ("[L]itigation-induced stress is not ordinarily recoverable as an element of damages."); *see also Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir. 1983) ("It would be strange if stress induced by litigation could be attributed in law to the tortfeasor."); *Whittenburg v. Werner Enterprises Inc.*, 561 F.3d 1122, 1130 (10th Cir. 2009) ("To imply or argue that the mere act of defending oneself, or the mere act of bringing suit, is reprehensible serves no proper purpose…."). Accordingly, Defendant's motion in limine, in as much as it seeks to prevent Plaintiffs from presenting evidence on the narrow point of litigation-related distress, is **GRANTED**.

II.  *Defendant's Request to Prevent Plaintiff from Introducing Expert Opinion Testimony Not Submitted According to Fed. R. Civ. P. 26(A)(2)*

Defendant argues Plaintiffs failed to identify Ms. Meadows as an expert witness as required by Fed. R. Civ. P. 26(a). Plaintiffs counter that Ms. Meadows is not an expert witness for whom Rule 26 applies, but a hybrid "fact/expert" witness similar to a treating physician.

Upon consideration, Plaintiffs' use of Ms. Meadows' testimony does not appear, at this time, to be an attempt to circumvent Fed. R. Civ. P. 26. The Court will therefore permit Ms. Meadows to testify as a fact witness and provide opinion testimony as limited by Fed. R. Evid. 701. *See* Fed. R. Evid. 701 ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."); *see also LeJeune v. State Farm Fire & Cas. Co.*, No. CIV-21-1132-G, 2023 WL 146265, at *2 (W.D. Okla. Jan. 9, 2023) (cautioning the plaintiff to "lay a sufficient factual foundation for [insurance adjusters'] first-person personal knowledge before eliciting any opinion testimony on a particular subject or topic."). Should Plaintiffs seek to elicit opinion testimony, Defendant may object at trial, as appropriate. Accordingly, Defendant's motion in limine as to Ms. Meadow's testimony is **DENIED**.

## CONCLUSION

For the reasons outlined above, Plaintiff's Revised Motions in Limine [Doc. No. 83] are **GRANTED in part** and **RESERVED in part**; Defendant State Farm Fire and Casualty

Company's Revised Motions in Limine and Brief in Support [Doc. No. 80] are **GRANTED in part** and **DENIED in part**. In summary, the Court **ORDERS** as follows:

### **Plaintiff's Motions**

1. The Court **RESERVES** its ruling as to Plaintiff's Motion in Limine No. I [Doc. No. 83].

2. Plaintiffs' Motion in Limine No. II [Doc. No. 83] is **GRANTED**.

3. The Court **RESERVES** its ruling as to Plaintiff's Motion in Limine No. III [Doc. No. 83].

4. The Court **RESERVES** its ruling as to Plaintiff's Motion in Limine No. IV [Doc. No. 83].

5. The Court **RESERVES** its ruling as to Plaintiff's Motion in Limine No. V [Doc. No. 83].

### **Defendant's Motions**

1. Defendant's Motion in Limine No. I [Doc. No. 80] is **GRANTED**.

2. Defendant's Motion in Limine No. II [Doc. No. 80] is **DENIED**.

**IT IS SO ORDERED** this 21st day of February 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge